I concur with Chief Justice Hornsby's opinion; however, I write specially because I do not believe that Ms. Turner should be entitled to receive the full award of punitive damages in this case.
The jury awarded Ms. Turner only $1,000 as compensatory damages. This is clear from a thorough review of the record in this case, including the trial court's oral charge to the jury. Is Ms. Turner entitled to receive the entire $499,000 in punitive damages awarded to her by the judgment?
Justice Shores, in her special concurrence in Fuller v.Preferred Risk Life Insurance Co., 577 So.2d 878, 886
(Ala. 1991), and I in my special concurrence in PrincipalFinancial Group v. Thomas, 585 So.2d 816 (Ala. 1991) (which relied on Justice Shores's special concurrence in Fuller), concluded that a punitive damages award does sometimes constitute an undeserved windfall to a plaintiff, but that this has no bearing on the question of whether the award exceeds an amount appropriate to punish the defendant for the wrong committed, or to deter others from similar conduct in the future. Justice Shores in Fuller, and I in Thomas, suggested that the Court divert some of the punitive damages award to the public good when a plaintiff would otherwise enjoy an undeserved windfall.
I would reduce the amount that the plaintiff is to receive to an amount closely corresponding to the 200 to 1 ratio of punitive damages to out-of-pocket expenses that existed and was approved by the United States Supreme Court in Pacific MutualLife Insurance Co. v. Haslip, ___ U.S. ___, 111 S.Ct. 1032,113 L.Ed.2d 1 (1991).
Under the circumstances of this case, I think that Ms. Turner must receive the entire compensatory damages award of $1,000 and should receive $250,000 of the punitive damages award; and that the balance of $249,000 of the punitive damages award should be paid to the State of Alabama General Fund to be used for the public good. An amount equal to 251/500 of the expenses incurred in litigation and an amount equal to 251/500 of the plaintiff's attorney fees, determined in accordance with the contract between Ms. Turner and her attorney, should be paid to Ms. Turner's attorney out of the $251,000 of punitive and compensatory damages I would allot to Ms. Turner. The balance of the $251,000 should be paid to Ms. Turner. An amount equal to 249/500 of the expenses incurred in the litigation and an amount equal to 249/500 of the plaintiff's attorney fees, determined in accordance with the contract between Ms. Turner and her attorney (a copy of the contract would need to be filed with the trial court) should be deducted from the $249,000 remaining and should be paid to Ms. Turner's attorney; the balance of the $249,000 should be forwarded to the treasurer of the State of Alabama to be deposited in the General Fund of the State to be used for the public good.